# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SCOTT SMITH, | : | Civil No. 1:21-CV-1422 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Presently before the court for screening is the complaint of self-represented Plaintiff Michael Scott Smith, a pretrial detainee housed at the Franklin County Jail in Chambersburg, Pennsylvania. (Doc. 1.) Plaintiff asks to proceed *in forma pauperis*. (Doc. 2.) For the following reasons, Smith's *in forma pauperis* motion will be granted and his complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as it fails to state a claim against the sole Defendant, the United States of America.

### FACTUAL BACKGROUND

Although sometimes difficult to interpret, Michael Smith ("Smith") claims the United States has violated his due process rights by requiring or wrongfully possessing his birth certificate and social security card. (Doc. 1, ¶ 4.) He alleges the United States is "using [his] birth certificate for unjust enrichment acting as a trustee in equity." (*Id.*) He also claims the Defendant is depriving him of

unspecified property.  (*Id.*, ¶ 5.)  Smith seeks monetary damages for the loss of "private property" and "forced labor damages," as well as the return of his confiscated property.  (*Id.*, ¶ 6.)

## JURISDICTION

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331 which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

When a litigant seeks to proceed *in forma pauperis*, without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint.  Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b)(1)–(2).  In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Dooley v.* Wetzel, 957 F.3d

366, 374 (3d Cir. 2020) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).  Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.,* 961 F.3d 203, 208 (3d Cir. 2020).

The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Dooley*, 957 F.3d at 376 (citing *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002)).

## DISCUSSION

### A.  Smith's Failure to State a § 1983 Claim

Because Smith points to 42 U.S.C. § 1983 as the basis for his claim against the United States, his claim is legally frivolous.  Section 1983 applies only to state officers acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 has no application to the federal government or its officers. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) ("It is well established that liability under § 1983 will not attach for actions taken under color of federal law.") Moreover, neither federal agencies nor the United States can be sued under § 1983. *See Hindes v. F.D.I.C.*, 137 F.3d 148, 158–59 (3d Cir. 1998) (federal agencies and the United States are not "persons" amenable to suit under § 1983). Accordingly, Smith's § 1983 claim will be dismissed with prejudice and the court will next consider Smith's *Bivens*[1] claim against the United States.

### B. Smith's Failure to State a *Bivens* Claim

In *Bivens*, the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers" in their individual capacities for violations of certain constitutional rights. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Furthermore, a *Bivens* claims cannot be asserted directly against the United States, a federal agency, or federal officials in their official capacity. *F.D.I.C. v. Meyers*, 510 U.S. 471, 485–86 (1994). Because *Bivens* does not authorize suits for money damages against the United States, Smith's claim is legally frivolous.

---

[1] *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

### C.  Leave to amend is denied

For the above cited reasons, Smith's § 1983 and *Bivens* claims against the sole Defendant, the United States, are subject to dismissal with prejudice.  The court will not grant Smith leave to amend his complaint as to do so would be futile. *Grayson v. Mayview State Hosp*., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).

### CONCLUSION

Accordingly, the court will grant Smith's request for *in forma pauperis* status, and his complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). An appropriate order follows.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Dated:  January 25, 2022              Middle District of Pennsylvania